# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

JIMMIE L. ELLIS,

        Petitioner,

v.                                     Case No. 05-CV-1121

GREG GRAMS, Warden,

        Respondent.

———————————————————————————

## ORDER

Over three years ago, on August 10, 2006, this court denied the petition of Jimmie Ellis ("Ellis") for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding that Ellis had failed to demonstrate that the Wisconsin state courts adjudicating his underlying criminal case acted contrary to any clearly established precedent of the Supreme Court of the United States or made an unreasonable determination of facts within the meaning of 28 U.S.C. § 2254(d)(2). (Docket #19). Eight days later, on August 18, 2006, Ellis filed a motion for reconsideration of the court's decision (Docket #23), which the court denied in its September 8, 2006 Order. (Docket #34). Undeterred, the petitioner opted to file another motion for reconsideration on September 13, 2006. (Docket #35). The court, finding that Ellis' second motion for reconsideration was not only untimely but failed to raise any new issues to warrant the court reconsidering the denial of the writ of habeas corpus, denied Ellis' latest motion. (Docket #37). Nonetheless, Ellis opted to file yet another motion for reconsideration on August 8, 2009. (Docket #59).

Rule 59(e) requires that any motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment. Given that the petitioner is challenging a three year old judgment of the court, Ellis' motion is untimely. Moreover, even if Ellis' motion was timely he would not prevail. To prevail on a Rule 59(e) motion, the movant must demonstrate that the court made a manifest error of law or fact, or must present some newly discovered evidence. *See Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Ellis has not made such a showing here. The petitioner has merely rehashed the same arguments he made in his original petition to the court. Ellis has also not presented any newly discovered evidence to the court. Ellis' motion merely leaves the court puzzled as to why the petitioner filed the present motion in light of the court's treatment of his previous two motions for reconsideration.

Accordingly,

**IT IS ORDERED** that the petitioner's supplemental motion for reconsideration (Docket #59) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge